# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JAMES and MICHELLE LORD,

   Plaintiffs,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

Defendant.

_____/

CASE NO.: 3:19-cv-01460

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COME Plaintiffs, JAMES & MICHELLE LORD, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, MIDLAND CREDIT MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by consumers seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.* and the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. JAMES and MICHELLE LORD ("James" individually, "Michelle" individually, the "Plaintiffs" collectively) are natural persons, over 18-years-of-age, who at all times relevant resided in Jacksonville, Florida.

6. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiffs are "persons" as defined by 47 U.S.C. § 153(39).

8. Plaintiffs are "consumers" as defined by Fla. Stat. § 559.55(8).

9. MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is a corporation organized under the laws of Kansas.

10. MCM has its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

11. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of MCM's business is the collection of debt.

12. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. MCM is a "person" as defined by 47 U.S.C. § 153(39).

14. MCM is a "debt collector" as defined by Fla. Stat. § 559.55(7) as MCM engagess "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

## FACTUAL ALLEGATIONS

15. At all times relevant, James was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3562.

16. At all times relevant, James's number ending in 3562 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, James was financially responsible for his cellular telephone equipment and services.

18. At all times relevant, Michelle was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5315.

19. At all times relevant, Michelle's number ending in 5315 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20. At all times relevant, Michelle was financially responsible for her cellular telephone equipment and services.

21. Plaintiffs received a credit card issued by Credit One Bank, N.A.

22. Over time, various personal charges were made to this credit card account.

23. Plaintiffs defaulted on payments and Plaintiffs' unpaid account balance was charged-off and referred for collection.

24. Plaintiffs' unpaid account balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, insurance, or services which is the subject of the transaction are primarily for personal, family, or household purposes.

25. Plaintiffs' unpaid account balance is a "consumer debt" as defined by Fla. Stat. § 559.55(6) as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

26. Plaintiffs' unpaid account balance is a "debt" as defined by Fla. Stat. § 559.55(6) as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**Allegations pertaining to MCM's collection call campaign**

27. Plaintiffs started to receive phone calls from MCM.

28. Plaintiffs soon discovered that MCM sought to collect on Plaintiffs' Credit One Bank account.

28. On multiple occasions, Plaintiffs answered.

29. Often times, Plaintiffs were greeted with clear pause prompting them to say "*Hello, Hello, Hello*" prior to being connected to MCM's representative.

30. Each time, Plaintiffs explained that they were unable to make payments.

31. Each time, Plaintiffs explicitly requested that MCM stop calling.

32. Other times, Plaintiffs answered and the phone calls were promptly dropped.

33. Unfortunately, Plaintiffs continue to receive phone calls from number(s) leading back to MCM – (602) 362-4192; (609) 313-0979; (877) 365-9864; and (877) 365-9957.

34. All in all, Plaintiffs received dozens of these phone calls from MCM in spite of asking MCM for the phone calls to cease.

35. On some days, Plaintiffs received multiple phone calls from MCM seeking to collect on Plaintiffs' Credit One Bank account.

36. MCM's phone calls resulted in aggravation that accompanies unwanted phone calls, emotional distress, invasion of privacy, and nuisance.

37.     Concerned with having their rights violated, Plaintiffs sought counsel to ensure that MCM's unlawful collection practices stopped.

38.     Accordingly, Plaintiffs were forced to expend energy/time consulting with attorneys as direct result of MCM's unlawful collection practices.

### Allegations pertaining to MCM's dunning letters

39.     Over time, Plaintiffs received debt collection letters, each enclosed in an envelope with the words "**TIME SENSITIVE DOCUMENTS**" printed on its exterior in bold font.

40.     Each time, Plaintiffs promptly opened this mail as it said "**TIME SENSITIVE DOCUMENTS**."

41.     MCM's letters contained information regarding Plaintiff's Credit One Bank account that MCM sought to collect from Plaintiffs.

42.     Accordingly, MCM's letters are "communications" as defined by 15 U.S.C. § 1692(a)(2) as it conveys information regarding Plaintiff's Credit One Bank account directly to Plaintiff.

43.     MCM's inclusion of "**TIME SENSITIVE DOCUMENTS**" on envelopes created a false sense of urgency for Plaintiffs; as they were unable to afford to make payments – resulting in needless emotional distress.

### CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

44.     Paragraphs 15-43 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

45. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

46. MCM violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiffs in spite of being asked to cease on multiple occasions.

47. MCM's behavior of continuously or repeatedly calling Plaintiff was abusive, harassing, and oppressive.

**Violation(s) of 15 U.S.C. § 1692f**

48. Section 1692f prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f.

49. The statute sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable. *Id*.

50. Subpararaph (8) prohibits the following conduct:

[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*Id*. § 1692f(8).

51. Section 1692f(8) regulates language "on any envelope." *Id*.

52. The text of § 1692f(8) is unequivocal. "[A]ny language or symbol," except the debt collector's address and, in some cases, business name, may not be included "on any envelope." 15 U.S.C. § 1692f(8).

53. In other words, NO EXCEPTIONS.

54. Accordingly, MCM's inclusion of "**TIME SENSITIVE DOCUMENTS**" on the front of the envelope violates 15 U.S.C. § 1692f(8).

55. As alleged, Plaintiff instantly opened MCM's mail because it said "**TIME SENSITIVE DOCUMENTS**."

56. MCM has determined that it collects more from consumers by including "**TIME SENSITIVE DOCUMENTS**" on envelopes.

57. MCM's practice of including "**TIME SENSITIVE DOCUMENTS**" on envelopes mailed to consumers unfairly puts MCM ahead of other debt collectors.

58. On information and belief, MCM's research demonstrates that the least sophisticated consumer is more likely to open letters sent in envelopes marked "**TIME SENSITIVE DOCUMENTS**" than envelopes that do not contain the words "**TIME SENSITIVE DOCUMENTS**."

59. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5) and f(8) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

      (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.    a finding that MCM violated 15 U.S.C. §§ 1692d(5) and f(8);

B.    an award of any actual damages sustained by Plaintiff as a result of MCM's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.    an award of such other relief as this Court deems just and proper.

## COUNT II:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

60.    Paragraphs 15 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

61.    MCM placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiffs' cellular telephones utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiffs' consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

62.    Upon information and belief, based on the "clear pause" Plaintiffs experienced on multiple occasions, MCM employed an ATDS to place calls to Plaintiffs' cellular telephones.

63. Upon information and belief, based on the frequency of dropped phone calls, MCM employed an ATDS to place calls to Plaintiffs' cellular telephones.

64. Upon information and belief, the ATDS employed by MCM transfers the call to a live representative once a human voice is detected, hence the clear pause.

65. Upon information and belief, the ATDS employed by MCM terminates the call if no such live representative is available.

66. Upon information and belief, the ATDS employed by MCM has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

67. Upon information and belief, MCM acted through its agents, employees, and/or representatives at all times relevant.

68. As a result of MCM's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiffs are entitled to receive $500.00 in damages for each violation.

69. As a result of MCM's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiffs are entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiffs request the following relief:

A. a finding that MCM violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT III:
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

70.     Paragraphs 15 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Fla. Stat. § 559.72

71.     Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

72.     MCM violated Fla. Stat. § 559.72(7) by repeatedly calling Plaintiffs despite Plaintiffs' multiple request(s) that MCM stop calling.

73.     Misconduct includes calling the plaintiff after being asked to stop. *Waite v. Fin. Recovery Servs., Inc*., 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010).

74.     Plaintiffs may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiffs request the following relief:

A.     a finding that MCM violated Fla. Stat. § 559.72(7);

  B.  an award of actual damages sustained by Plaintiffs as a result of MCM's violation(s);

  C.  an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

  D.  an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

  E.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 20, 2019        Respectfully submitted,

                      **JAMES and MICHELLE LORD**

                      By: *Alexander J. Taylor*

                      Alexander J. Taylor
                      SULAIMAN LAW GROUP, LTD.
                      2500 South Highland Avenue
                      Suite 200
                      Lombard, Illinois 60148
                      +1 630-575-8181
                      ataylor@sulaimanlaw.com